KEVIN S. ROSEN, SBN 133304
KRosen@gibsondunn.com
MATTHEW A. HOFFMAN, SBN 227351
MHoffman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

RICHARD L. JOSEPHSON (*Pro Hac Vice*)
Richard.Josephson@bakerbotts.com
RUSSELL LEWIS (*Pro Hac Vice*)
Russell.Lewis@bakerbotts.com
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

Attorneys for Defendants
IPEX INC. AND IPEX USA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARD, on behalf of himself all others similarly situated, | CASE NO. CV 08-6370-VBF(Ex) |
| Plaintiff, | **Class Action** |
| v. | **ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| IPEX, INC., a foreign corporation of Canada; IPEX USA, LLC, a Delaware corporation; IPEX COMPANY, a Colorado corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

Defendants IPEX Inc. and IPEX USA LLC (collectively, "IPEX"), by and through its undersigned counsel, hereby answer Plaintiff's Second Amended Class Action Complaint for Damages, Injunctive Relief and Restitution ("SAC") as follows (the paragraph numbers correspond to those in Plaintiff's SAC):

## JURISDICTION

1. This paragraph describes the statutes providing this Court jurisdiction over this action and does not contain allegations of fact to which a responsive pleading is necessary. Should a response be deemed required, IPEX admits that IPEX Inc. is a foreign corporation, based in Toronto, Canada and IPEX USA LLC is a Delaware limited liability company with its principal place of business in Pineville, North Carolina. Except as expressly admitted, IPEX denies the allegations in Paragraph 1 of Plaintiff's SAC.

## VENUE

2. This paragraph describes the statutes providing for venue with this Court and over this action and does not contain allegations of fact for which a responsive pleading is necessary. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 in Plaintiff's SAC, and on that basis denies them.

## INTRA-DISTRICT VENUE

3. This paragraph describes the statutes providing for venue with this Court and over this action and does not contain allegations of fact for which a responsive pleading is necessary. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 in Plaintiff's SAC, and on that basis denies them.

## PARTIES

4. IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's SAC, and on that basis denies them.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

5. The allegations in paragraph 5 of Plaintiff's SAC contain Plaintiff's description of his own action and legal conclusions. Thus, no response is required. Should a response be deemed required, IPEX specifically denies that Plaintiff's proposed class is properly certifiable under Federal Rule of Civil Procedure 23 and otherwise generally denies the allegations in paragraph 5 of Plaintiff's SAC.

6. IPEX Inc. admits that it is a Canadian corporation with its principal place of business in North York, Ontario M3B2S9 and that, during certain periods of time, it conducted business in California. IPEX Inc. further admits that it developed and manufactured Kitec plumbing systems, but IPEX Inc. denies that it manufactured the brass fittings that are utilized in the Kitec plumbing system. IPEX Inc. admits that, during certain time periods, it marketed, sold, and distributed Kitec plumbing systems in certain locations in the United States, including California. Except as expressly admitted, IPEX denies the allegations contained in paragraph 6 of Plaintiff's SAC.

7. IPEX USA LLC admits that it is a Delaware company with its principal place of business in Pineville, North Carolina and that it is authorized to and transacts business in the State of California. IPEX USA LLC admits that, during certain time periods, it marketed, distributed, and sold Kitec plumbing systems in certain locations throughout the United States, including California. IPEX USA LLC denies that it developed or manufactured the Kitec plumbing system. Except as expressly admitted, IPEX denies the allegations contained in paragraph 7 of Plaintiff's SAC.

8. The allegations in paragraph 8 of Plaintiff's SAC describe Defendants Does 1 through 100 and do not contain allegations of fact. Thus, no response is required. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and on that basis denies them.

9. IPEX denies the allegations contained in paragraph 9 of Plaintiff's SAC.

Gibson, Dunn & Crutcher LLP

2

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## **GENERAL ALLEGATIONS**

10. IPEX admits that a Consumer Legal Remedies Act notice letter dated May 16, 2008 was appended to Plaintiff's SAC. IPEX further admits that it received via regular mail a purported Consumer Legal Remedies Act notice letter dated May 27, 2008. Except as expressly admitted, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and on that basis denies them.

11. IPEX admits that the Kitec plumbing system, including pipe and fittings, is comprised, in part, of plastic and metal materials. IPEX Inc. further admits that, during certain periods, it designed and manufactured Kitec plumbing systems. IPEX denies that it designed or manufactured the brass fittings that are utilized in the Kitec plumbing systems. IPEX Inc. admits that, during certain time periods, it distributed, marketed, and sold Kitec plumbing systems in certain locations throughout the United States, including California. IPEX USA LLC admits that, during certain time periods, it distributed, marketed, and sold Kitec plumbing systems in certain locations throughout the United States, including California. IPEX admits that the Kitec plumbing system is used in homes and certain other structures. Except as expressly admitted, IPEX denies the allegations contained in paragraph 11 of Plaintiff's SAC.

12. IPEX denies the allegations contained in paragraph 12 of Plaintiff's SAC.

13. IPEX admits that, during certain time periods, it marketed and sold Kitec plumbing systems in certain locations throughout the United States, and used several different methods for marketing its plumbing systems. Regarding the allegations of specific advertising themes in paragraph 13 of Plaintiff's SAC, IPEX's advertisements speak for themselves. Except as expressly admitted, IPEX denies the allegations contained in paragraph 13 of Plaintiff's SAC.

14. IPEX admits that, during certain time periods, it marketed and sold the Kitec plumbing systems in certain locations throughout the United States and that these plumbing systems are used in certain buildings and homes. Regarding the

3

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

allegations of specific advertising statements in paragraph 14 of Plaintiff's SAC, IPEX's advertisements speak for themselves. Except as expressly admitted, IPEX denies the allegations contained in paragraph 14 of Plaintiff's SAC.

15.   IPEX admits that it provided a limited express warranty, under certain circumstances, for its Kitec plumbing systems. Except as expressly admitted, IPEX denies the allegations contained in paragraph 15 of Plaintiff's SAC.

16.   IPEX denies the allegations contained in paragraph 16 of Plaintiff's SAC.

17.   IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the Kitec plumbing systems were used in their intended manner, and on that basis denies them. IPEX denies the remaining allegations contained in paragraph 17 of Plaintiff's SAC.

18.   IPEX denies the allegations contained in paragraph 18 of Plaintiff's SAC.

### **CLASS ACTION ALLEGATIONS**

19.   IPEX admits that Plaintiff purports to bring this action as a class action. Except as expressly admitted, IPEX denies the remaining allegations in paragraph 19 of Plaintiff's SAC. IPEX further denies that Plaintiff's proposed class is properly certifiable under Federal Rule of Civil Procedure 23.

20.   IPEX denies the allegations contained in paragraph 20 of Plaintiff's SAC.

21.   IPEX denies the allegations contained in paragraph 21 of Plaintiff's SAC, including all subparagraphs.

22.   IPEX denies the allegations contained in paragraph 22 of Plaintiff's SAC.

23.   IPEX denies the allegations contained in paragraph 23 of Plaintiff's SAC.

24.   IPEX denies the allegations contained in paragraph 24 of Plaintiff's SAC.

25.   IPEX denies the allegations contained in paragraph 25 of Plaintiff's SAC.

26.   IPEX denies the allegations contained in paragraph 26 of Plaintiff's SAC.

27.   The allegations contained in paragraph 27 describe the relief sought by Plaintiff and no responsive pleading is required. To the extent a response is deemed required, IPEX denies the allegations contained in paragraph 27 of Plaintiff's SAC.

4

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## FIRST CAUSE OF ACTION

### (Violation of Consumers Legal Remedies Act)

28. In response to paragraph 28 of the SAC, IPEX incorporates by reference its answers to paragraphs 1-27.

29. The allegations contained in paragraph 29 are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, IPEX denies the allegations contained in paragraph 29 of Plaintiff's SAC.

30. The allegations contained in paragraph 30 are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, IPEX denies the allegations contained in paragraph 30 of Plaintiff's SAC.

31. IPEX denies the allegations contained in paragraph 31 of Plaintiff's SAC.

32. IPEX denies the allegations contained in paragraph 32 of Plaintiff's SAC.

33. IPEX admits that a Consumer Legal Remedies Act notice letter dated May 16, 2008 was appended to Plaintiff's SAC. IPEX further admits that it received via regular mail a purported Consumer Legal Remedies Act notice letter dated May 27, 2008. Except as expressly admitted, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33, and on that basis denies them.

## SECOND CAUSE OF ACTION

### (Violation of Unfair Competition Law)

34. In response to paragraph 34 of the SAC, IPEX incorporates by reference its answers to paragraphs 1-33.

35. In response to paragraph 35 of the SAC, the referenced statute speaks for itself. To the extent a response is deemed required, IPEX denies the allegations contained in paragraph 35 of Plaintiff's SAC.

36. IPEX denies the allegations contained in paragraph 36 of Plaintiff's SAC.

37. IPEX denies the allegations contained in paragraph 37 of Plaintiff's SAC.

38. IPEX denies the allegations contained in paragraph 38 of Plaintiff's SAC.

5

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

39. IPEX denies the allegations contained in paragraph 39 of Plaintiff's SAC.

40. The allegations contained in paragraph 40 describe the relief sought by Plaintiff and legal conclusions. Thus, no responsive pleading is required. To the extent a response is deemed required, IPEX denies the allegations contained in paragraph 40 of Plaintiff's SAC.

## THIRD CAUSE OF ACTION

### (Unfair Business Practice)

41. In response to paragraph 41 of the SAC, IPEX incorporates by reference its answers to paragraphs 1-40.

42. IPEX denies the allegations contained in paragraph 42 of Plaintiff's SAC.

43. IPEX denies the allegations contained in paragraph 43 of Plaintiff's SAC.

44. IPEX denies the allegations contained in paragraph 44 of Plaintiff's SAC.

45. IPEX denies the allegations contained in paragraph 45 of Plaintiff's SAC.

## PRAYER FOR RELIEF

In response to paragraphs 1 - 6 of Plaintiff's "Prayer for Relief," IPEX denies that Plaintiff is entitled to the relief requested.

## GENERAL DENIAL

IPEX denies all other allegations to which it has not specifically responded.

## REQUEST FOR CLASS CERTIFICATION

Pleading further, IPEX denies that this action is appropriate for a class action and denies that any of the requirements of Federal Rule of Civil Procedure 23 are satisfied. IPEX denies that the proposed class is so numerous that joinder of all members is impracticable, denies that there are questions of law or fact common to the proposed class, denies that the claims or defenses of the proposed class representative are typical of the claims or defenses of the proposed class, and denies that the proposed representative will fairly and adequately protect the interests of the proposed class. IPEX further denies that the prosecution of separate actions by or against individual members of the proposed class would create a risk of either (1) inconsistent or varying

6

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

adjudications with respect to individual members of the proposed class which would establish incompatible standards of conduct for the parties opposing the proposed class, or (2) adjudications with respect to individual members of the proposed class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their abilities to protect their interests.  IPEX further denies that either or both of them has acted or refused to act on grounds generally applicable to the proposed class, thereby making inappropriate final injunctive relief or corresponding declaratory relief with respect to the proposed class as a whole.  IPEX further denies that questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual members and denies that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  IPEX contends that the following factors, among others, weigh against certifying a class in this case:  (1) the interest of members of the proposed class in individually controlling the prosecution or defense of separate actions; (2) the undesirability of concentrating the litigation of the claims in this forum; (3) the difficulties likely to be encountered in the management of a class action and the numerous subclasses proposed by Plaintiff; and (4) the necessity for individual inquiries regarding causation, reliance, limitations, damages, knowledge, affirmative defenses, and other factual issues for Plaintiff.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the defenses set forth below, IPEX is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO STATE A CLAIM)

1.  Plaintiff's SAC and each purported cause of action contained therein fail to state a claim or cause of action against IPEX upon which relief can be granted.

7

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS
ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## SECOND SEPARATE AND ADDITIONAL DEFENSE
## (LACK OF SUFFICIENT PARTICULARITY)

2. Plaintiff's SAC fails to plead each purported cause of action and prayers for relief with sufficient particularity.

## THIRD SEPARATE AND ADDITIONAL DEFENSE
## (STATUTES OF LIMITATION)

3. Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (LACK OF STANDING)

4. Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff lacks standing to assert any or all of the causes of action alleged in the SAC either individually or in a representative capacity.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
## (WAIVER/ESTOPPEL)

5. Plaintiff and the putative class members have waived and/or are estopped from asserting each purported cause of action in the SAC.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (LACHES)

6. By reasons of their own conduct, acts, and omissions, Plaintiff and the putative class members are barred from any relief by the doctrine of laches.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (NO CAUSATION OR INJURY IN FACT)

7. Plaintiffs and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by IPEX, and are thus barred from asserting any claim against IPEX.

Gibson, Dunn & Crutcher LLP

8

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (LACK OF PRIVITY)

8. Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because IPEX is not in privity with Plaintiff or the putative class members.

## николNINTH SEPARATE AND ADDITIONAL DEFENSE
## (INTERVENING OR SUPERSEDING CAUSE)

9. Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening and/or superseding events beyond the control of IPEX and unrelated to IPEX's conduct. Any loss, injury, or damage claimed by Plaintiff was proximately caused by the Plaintiff's or putative class members' own acts or omissions, market forces and events unrelated to IPEX'S alleged conduct, and/or the acts or omissions of persons or entities other than IPEX, over which IPEX has no control.

## TENTH SEPARATE AND ADDITIONAL DEFENSE
## (UNJUST ENRICHMENT)

10. The right to relief on behalf of Plaintiff and putative class members is barred by the doctrine of unjust enrichment. Plaintiff and the putative class members would be unjustly enriched if allowed to recover the relief claimed to be due.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (CONTRIBUTORY NEGLIGENCE)

11. Any defect in the products referred to in the SAC was caused by the negligence, misuse, abuse, changes, modifications, improper maintenance, and/or alterations of others, including Plaintiff, putative class members, and third parties, and any damages were proximately caused by such negligence, misuse, abuse, changes, modifications, improper maintenance, and/or alterations.

Gibson, Dunn & Crutcher LLP

9

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (LEGITIMATE BUSINESS INTERESTS)

12. IPEX alleges, without admitting any liability whatsoever, that at all times IPEX's actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (COMPLIANCE WITH OBLIGATIONS AND LEGAL DUTIES)

13. IPEX has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the SAC or in effect at the time of the conduct alleged in the SAC.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (FULL BENEFIT)

14. Plaintiff and the putative class have enjoyed the full benefit of their purchase of the products that are the subject of the SAC and are thereby barred from making the claims for relief set forth in the SAC.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (WARRANTY)

15. Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by the limitations and/or disclaimers in any warranty, and/or breach of Plaintiff's or putative class members' obligations under any warranty.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAULT OF OTHERS)

16. Any damages suffered by Plaintiff and putative class members are the fault of Plaintiff or others, including but not limited to suppliers of raw materials, contractors, designers, architects, plumbers, installers, water districts, homeowners and/or homeowners' associations, and such additional persons or entities as may be revealed by discovery.

10

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (RELEASE)

17.     Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by releases signed by Plaintiff and/or putative class members.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO NOTIFY OR PROVIDE OPPORTUNITY TO CURE)

18.     Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by the failure to notify IPEX of, or provide IPEX with an opportunity to cure, the alleged defect.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO USE PRODUCT AS INTENDED)

19.     Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by the failure to use the product as intended.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO USE PRODUCT UNDER NORMAL OPERATING CONDITIONS)

20.     Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by the failure to use the product under normal operating conditions.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
## (ECONOMIC LOSS RULE)

21.     Plaintiff's and the putative class members' recoverable damages, if any, are limited by contract and/or the economic loss rule.

Gibson, Dunn & Crutcher LLP

11

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
## (PRODUCT COMPLIANCE)

22. Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, because the product complies with national and local codes, as well as government and industry specifications.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
## (CONDITIONS PRECEDENT)

23. Plaintiff's SAC and each purported cause of action contained therein are barred, in whole or in part, by Plaintiff's and putative class members' failure to satisfy conditions precedent to the filing of a suit and/or the recovery of damages.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (LIABILITY – VIOLATION OF DUE PROCESS)

24. Any finding of liability under California Business & Professions Code Section 17200 *et seq.* would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
## (NO DIRECT PAYMENTS)

25. Plaintiffs' claims and the claims of the putative class for restitution under California Business & Professions Code Section 17200 *et seq.* are barred to the extent that Plaintiff and the members of the putative class did not pay money directly to IPEX, as required by *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), and related authority.

Gibson, Dunn & Crutcher LLP

12

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (RESTITUTION – VIOLATION OF DUE PROCESS AND EXCESSIVE FINES CLAUSES)

26. Any award of restitution under California Business & Professions Code Section 17200 *et seq.* based upon asserted interests or injuries of persons not named as plaintiffs in this case, or absent persons on whose behalf this action is allegedly prosecuted, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (VIOLATION OF TAKINGS CLAUSE)

27. Any award of restitution under California Business & Professions Code Section 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as incorporated by the Due process Clause of the Fourteenth Amendment to the United States Constitution), and Article I, Section 19 of the California Constitution.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (VIOLATION OF COMMERCE CLAUSE)

28. Plaintiff's claims and the claims of the putative class arising under California law are barred in whole or in part, because the application of these claims to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution and is otherwise beyond the scope of jurisdiction of those laws.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
## (CLASS ACTION – VIOLATION OF SUBSTANTIVE DUE PROCESS)

29. As a matter of constitutional right and substantive due process, IPEX would be entitled to contest by jury trial its liability for damages to any particular

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

individual plaintiff, even if the representative(s) of the putative plaintiff class prevail on their claims. Trying this case as a class action would violate the United States and California Constitutions.

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE
### (CLASS ACTION – LACK OF TYPICALITY, PREDOMINANCE, ADEQUACY, AND SUPERIORITY)

30. Plaintiff may not maintain this lawsuit as a class action because the purported claims of the putative class representative is not sufficiently typical of those of the putative class, common issues of fact and law do not predominate over individual issues and damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the putative plaintiff class, and a class action is not a superior method for adjudicating the purported claims set forth in Plaintiff's SAC.

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (CLASS ACTION – CONFLICT OF INTERESTS)

31. Plaintiff may not maintain this lawsuit as a class action because the interests of the putative class members are in conflict with each other and with Plaintiff.

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (NO ATTORNEYS' FEES)

32. Plaintiff's and the putative class members' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

### THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

33. Plaintiff and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

Gibson, Dunn & Crutcher LLP

14

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (LACK OF JURISDICTION)

34. The Court lacks jurisdiction over some or all of the claims asserted by Plaintiff and/or the putative class.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
## (CLASS ACTION NOTIFICATION REQUIREMENTS – VIOLATION OF DUE PROCESS)

35. Any attempt to require IPEX to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (ADEQUATE REMEDY AT LAW)

36. Plaintiff's and the putative class members' claims for equitable relief are barred to the extent there is an adequate remedy at law.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (SPECULATIVE EQUITABLE RELIEF)

37. Plaintiff's and the putative class members' claims for equitable relief are barred to the extent they seek "propensity," "future," or "speculative" damages.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (AFFIRMATIVE INJUNCTION)

38. Plaintiff's and the putative class members' claims for equitable relief are barred to the extent they seek an affirmative injunction.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
## (NONRESTITUTIONARY DISGORGEMENT)

39. Plaintiff's and the putative class members' claims for disgorgement of profits are barred to the extent they seek nonrestitutionary disgorgement.

Gibson, Dunn & Crutcher LLP

## **THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**
### **(ADDITIONAL SEPARATE AND ADDITIONAL DEFENSES)**

40.  IPEX presently has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate affirmative defenses available.  IPEX has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.  IPEX further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## **PRAYER**

WHEREFORE, IPEX prays for the following relief:

a.  That Plaintiff and members of the putative class take nothing by their Second Amended Complaint;

b.  That judgment on the Second Amended Complaint, and on each cause of action against IPEX, be entered in favor of IPEX;

c.  That IPEX be awarded its costs incurred herein, including reasonable attorneys' fees and costs; and

d.  For such other and/or further relief as this Court may deem just and proper.

DATED:  March 5, 2009                    GIBSON, DUNN & CRUTCHER LLP
                                         Kevin S. Rosen
                                         Matthew A. Hoffman


                                         By:  _____/s/ Kevin S. Rosen_____
                                                      Kevin S. Rosen

                                         Attorneys for Defendants
                                         IPEX INC. and IPEX USA LLC

Gibson, Dunn & Crutcher LLP

16

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## **JURY TRIAL DEMAND**

IPEX hereby demands a trial by jury on all contested issues herein related to the above-captioned matter.

DATED:  March 5, 2009

GIBSON, DUNN & CRUTCHER LLP
Kevin S. Rosen
Matthew A. Hoffman


By: _____ /s/ Kevin S. Rosen_____
            Kevin S. Rosen

Attorneys for Defendants
IPEX INC. and IPEX USA LLC

Gibson, Dunn & Crutcher LLP

17

ANSWER OF DEFENDANTS IPEX INC. AND IPEX USA LLC TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION